UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY METZLER,

               *Plaintiff*,

   v.

KENMORE-TOWN OF TONAWANDA
UNION FREE SCHOOL DISTRICT,

               *Defendant*.

**VERIFIED COMPLAINT AND JURY DEMAND**

Civil Action No.

---

Plaintiff Mary Metzler ("Plaintiff" or "Ms. Metzler") alleges as follows:

## PARTIES

1. The Plaintiff, Mary Metzler, is a natural person with a place of residence at 220 Ensminger Road, Tonawanda New York 14150.

2. Defendant Kenmore-Town of Tonawanda Union Free School District ("Defendant" or "the District") is a public entity with offices located at 1500 Colvin Boulevard, Buffalo, New York 14223.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.

1

4. Defendant is subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. Plaintiff filed a timely *Charge of Discrimination* with the Equal Employment Opportunity Commission (EEOC). The EEOC assigned a Federal Charge No. 525-2021-01467.

7. Subsequently, the EEOC issued Plaintiff its *Determination and Notice of Rights* dated September 23, 2022 proving that she has exhausted her administrative remedies under Title VII.

## FACTUAL BACKGROUND

8. Ms. Metzler is female.

9. Ms. Metzler is over the age of forty (40).

10. Ms. Metzler, at all relevant times, was an employee of the Kenmore-Town of Tonawanda Union Free School District as a Senior Clerk, Main Registration.

11. Ms. Metzler has a disability under the ADA.

12. In or about July of 2020 Ms. Metzler submitted to the Defendant a request for a reasonable accommodation for her disabilities.

13. The accommodation requested was to work from home.

14. This request for accommodation was initially granted by Defendant.

15. This accommodation, that Ms. Metzler be able to work from home, became a term and condition of her employment.

16. As a public employee, Ms. Metzler therefore had a property interest in this term and condition of her employment.

17. On or about August 25, 2021 Defendant unilaterally told Ms. Metzler that her accommodation request would no longer be accommodated.

18. Defendant did not afford Ms. Metzler a predeprivation hearing regarding this deprivation of her property right.

19. On or about August 26, 2021 Ms. Metzler was forced to take a medical leave because her medical conditions deteriorated so severely. This was a direct result of Defendant's deprivation of Ms. Metzler's right to her continued reasonable accommodation.

**FIRST CAUSE OF ACTION**
**Discrimination and Retaliation in Violation of the Americans with Disabilities Act**
**42 U.S.C. §12101 et. seq.**

20. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

21. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1] prima facie case of *failure to accommodate discrimination*, a plaintiff must show that "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]

such accommodations." *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 (2d Cir. 2006).

22. Ms. Metzler has a disability under the ADA.

23. Ms. Metzler has been diagnosed with neurovascular and neuromuscular problems including rheumatoid arthritis, Sjogren's syndrome, erythromelalgia and atrial fibrillation.

24. Defendant was notified of Ms. Metzler's disability when Ms. Metzler applied for a reasonable accommodation of working from home in 2020.

25. Defendant admitted that Ms. Metzler's request for accommodation is reasonable by granting it for over one calendar year.

26. Ms. Metzler successfully completed the essential functions of her job for over a year while working from home under her reasonable accommodation.

27. Defendant unilaterally withdrew its initial grant for reasonable accommodation in August 2021.

28. Having granted the reasonable accommodation initially, Defendant bears the burden of proving that the withdrawal of that accommodation was justified by an 'undue hardship.'

29. Defendant has never alleged an undue hardship.

30. Defendant therefore has failed to prove that it suffered an undue hardship justifying the withdrawal of Ms. Metzler's reasonable accommodation.

31. Ms. Metzler engaged in protected activity when she requested a reasonable accommodation.

32. Ms. Metzler also engaged in protected activity when she filed a complaint with the EEOC.

33. Ms. Metzler informed her direct supervisor that she filed the complaint with the EEOC.

34. Ms. Metzler has been told twice previously by her direct supervisor that he would write a job recommendation for her.

35. On or about September 2, 2021 Ms. Metzler's direct supervisor told her he would no longer write her a job recommendation.

36. This is a materially adverse action that would tend to dissuade any reasonable person from bringing or supporting the complaint of discrimination.

## SECOND CAUSE OF ACTION
### Violation of the NYSHRL

37. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

38. New York and federal anti-discrimination laws are analytically identical.[2]

39. Therefore, Plaintiff's second cause of action is factually the same as the first cause of action.

40. As a result of Defendant's actions, Ms. Metzler experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

## THIRD CAUSE OF ACTION
### § 1983 Violation of Due Process

41. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

42. In order to establish a violation of §1983, "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some

---

[2] "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (*see, e.g., Matter of Laverack & Haines v. New York State Div. of Human Rights,* 88 N.Y.2d 734, 738, 650 N.Y.S.2d 76, 673 N.E.2d 586; *Matter of Miller Brewing Co. v. State Div. of Human Rights,* 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776, 489 N.E.2d 745)." Ferrante v Am. Lung Ass'n, 90 NY2d 623, 629 [1997]

person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980).

43. Defendant is a public entity within the State of New York.

44. Plaintiff has a property interest in the terms and conditions of her employment with Defendant.

45. In 2020 Plaintiff requested a reasonable accommodation for her disability, that she be allowed to work from home.

46. Defendant granted this request.

47. Based on Defendant's grant of the reasonable accommodation request, Plaintiff worked at home for approximately one calendar year.

48. The granting of this reasonable accommodation requests made a term and condition of Plaintiff's employment.

49. Plaintiff then had a property interest in the continued grant of this reasonable accommodation request.

50. In August 2021 Defendant unilaterally informed Ms. Metzler that it would no longer grant her reasonable accommodation.

51. This constituted a deprivation of her property interests.

52. Defendant did not afford Ms. Metzler a predeprivation hearing.

53. Therefore, Defendant deprived Ms. Metzler of her property interests in violation of due process.

54. As a result of Defendant's actions, Ms. Metzler experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

***

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order:

A. Awarding Plaintiff past lost wages and benefits in an amount to be determined at trial and ordering Defendant to reinstate Plaintiff to her employment with the reasonable accommodation she requested at the appropriate seniority that she should have had but for Defendant's illegal acts;

B. Awarding Plaintiff damages for her pain, suffering, loss of enjoyment of life, humiliation, and other injuries in an amount to be determined at trial;

C. Directing Defendant to pay all unreimbursed medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendant to pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements; and

F. Plaintiff to have such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: December 8, 2022
       Buffalo, New York

Respectfully submitted,
Plaintiff
By her Attorneys,

**LAW OFFICE OF LINDY KORN, PLLC**

| | |
|---|---|
| *s/ Lindy Korn* | *s/ Richard Perry* |
| Lindy Korn, Esq. | Richard J. Perry, Esq. |
| Electric Tower | Electric Tower |
| 535 Washington Street, Ninth Floor | 535 Washington Street, Ninth Floor |
| Buffalo, New York 14203 | Buffalo, New York 14203 |
| Telephone: (716) 856-5676 | Telephone: (716) 856-5676 |
| Facsimile: (716) 507-8475 | Facsimile: (716) 507-8475 |
| lkorn@lkorn-law.com | rperry@lkorn-law.com |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY METZLER,

                              *Plaintiff*,         **VERIFICATION**

          v.                                             Civil Action No.

KENMORE-TOWN OF TONAWANDA
UNION FREE SCHOOL DISTRICT,

                              *Defendant*.

---

MARY METZLER, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to my knowledge, except as to matters alleged upon information and belief, which I believe to be true.

_____
MARY METZLER

Sworn to before me this 8th day of December, 2022.

_____
Signature of Notary Public

[Notary seal: MUHAMAD KHALED, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Erie County, 01KH6328945, MY COMMISSION EXPIRES 08/10/2023]